No. 1003 November 19, 2025 139

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANNIN JAMES BENSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR59252; A183821

Sheryl Bachart, Judge.

Submitted October 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for online sexual corruption of a child in the first degree, ORS 163.433, and luring a minor, ORS 167.057, stemming from online interactions he had with a police officer posing as a 14-year-old girl. In two assignments of error, he argues that the trial court erred in denying his motions for judgment of acquittal as to both counts because the state failed to disprove his defense of entrapment beyond a reasonable doubt. Reviewing in the light most favorable to the state, *State v. McDaniel*, 251 Or App 345, 346, 283 P3d 414 (2012), *rev den*, 353 Or 209 (2013), we affirm.

Defendant contends that he was entrapped into committing the crime; that is, that he engaged in the online interaction with a perceived minor only because he "was induced to do so by a law enforcement official *** for the purpose of obtaining evidence to be used against [him] in a criminal prosecution." ORS 161.275(1). He argues that no reasonable juror could convict him because, although defendant initiated the interaction, the officer first broached the topic of engaging in a sexual encounter with defendant, and repeatedly steered the conversation in a sexual direction. However, sufficient evidence was presented to the factfinder that defendant contemplated the conduct and would have engaged in it without inducement; specifically, defendant used a fake account, initiated contact with what appeared to be a 14-year-old girl, was the first to turn the interaction sexual, escalated the interaction by sending sexually explicit photographs and messages, and first proposed meeting in person. *See* ORS 161.275(2) (entrapment requires the state to disprove (1) that the defendant did not contemplate the proscribed conduct, and (2) that the defendant would not otherwise have engaged in the proscribed conduct).

Affirmed.